FILED
NOV 14 2007
14
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL PARKER,
 Plaintiff,

v.

OFFICER M. KOZELUH, Star #143,
and the CITY OF RIVERDALE,
 Defendants.

07CV6448
JUDGE MAROVICH
MAG. JUDGE ASHMAN

) Jury Demand
)

## COMPLAINT

### COUNT I - ILLEGAL SEARCH

### JURISDICTION AND VENUE

 Now comes the Plaintiff, MICHAEL PARKER, though his attorney, THOMAS PETERS and KEVIN PETERS, and states:

 1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

 2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

 3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of

1

Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and was a resident of Chicago, Illinois.

6. Defendant Officer Kozeluh was on duty and acting under color of state law at all times relevant to this Complaint.

7. The Village of Riverdale is a municipality organized under the laws of the State of Illinois and the employer of Officer Kozeluh.

## THE FACTUAL BASIS VIOLATION

8. On May 30, 2007, Plaintiff was driving a vehicle at or near 13800 S. Halsted Street.

9. Defendant Kozeluh had not witnessed Plaintiff violate any city, county, state, federal, and/or any traffic law.

10. Defendant did not have a search warrant for the Plaintiff.

11. Defendant did not have an arrest warrant for the Plaintiff.

12. Defendant did not have consent to search the Plaintiff's vehicle on May 30, 2007.

13. The vehicle Plaintiff was driving was legally registered, had valid license

plates, and the Plaintiff had a valid drivers license on May 30, 2007.

14. Defendant did not have consent to search the Plaintiff.

15. The Defendant searched the vehicle Plaintiff was driving on May 30, 2007.

16. The Defendant did not have probable cause to stop the Plaintiff, search the Plaintiff, and/or search the vehicle.

17. The Plaintiff did not resist, disobey, or obstruct the defendant during his illegal stop, search, and arrest of the Plaintiff.

18. The Defendant charged the Plaintiff with illegal possession of narcotics (2 counts), resisting arrest, and various traffic offenses in Case Number 07600653001.

19. On July 26, 2007 the narcotics counts as well as the resisting charge were dismissed on the motion of the Cook County States Attorney.

20. On August 9, 2007, the remaining traffic offenses were disposed of in favor of the Plaintiff.

21. As a direct and proximate result of Defendant Kozeluh's unconstitutional acts Plaintiff suffered actual harm.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Kozeluh for his false arrest.

## COUNT II - EXCESSIVE FORCE

1-21. Plaintiff re-alleges paragraphs 1-21 of Count I as paragraphs 1-21 of Count

3

II.

22. Defendant Kozeluh used excessive force during the arrest of Plaintiff in that he intentionally and without lawful justification tasered the Plaintiff.

23. At no time relevant to this suit did the Plaintiff resist the illegal search and arrest by Defendant Kozeluh.

24. At no time relevant to this suit did the Plaintiff attempt to strike, punch, or kick Defendant Kozeluh.

Wherefore, Plaintiff prays the Court will award him actual and punitive damages plus reasonable costs and attorneys' fees against Defendant Kozeluh.

## COUNT III - STATE MALICIOUS PROSECUTION

1-24. Plaintiff re-alleges paragraphs 1-24 of Count I and II as paragraphs 1-24 of Count III.

25. Defendant Kozeluh wrote false and misleading police reports regarding the arrest of plaintiff on May 30, 2007.

26. Defendant knew his false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

27. Based on the defendants' false reports, plaintiff was charged under case number 07600653001.

28. Ultimately case number 07600653001 was disposed of in favor of the Plaintiff.

29. The Plaintiff is innocent of all the charges of May 30, 2007.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Kozeluh for his false arrest.

## COUNT IV - STATUTORY INDEMNIFICATION

1-29. Plaintiff re-alleges paragraphs 1-29 of Count III as paragraphs 1-29 of Count IV.

30. At all relevant times, 745 ILCS 10/9-102 was in full force and effect.

31. Defendant Kozeluh was acting under color of state law and as employees of the Village of Riverdale.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the Village of Riverdale.

Respectfully Submitted,

S/Thomas Peters
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022