589-22988-35/36

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 6448 |
| | ) Judge Marovich |
| OFFICER M. KOZELUGH, Star #143, and | ) Magistrate Judge Ashman |
| the CITY OF RIVERDALE, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, Officer Mark Kozeluh, in his individual capacity, and the Village of Riverdale, incorrectly sued as the City of Riverdale, in its official capacity, by and through their attorneys, Tribler Orpett & Meyer, P.C., and, for their Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, state as follows:

**COUNT I - ILLEGAL SEARCH**

**JURISDICTION AND VENUE**

1. This Court-has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

**ANSWER**: Defendants do not contest jurisdiction.


2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

**ANSWER**:   Defendants do not contest supplementary jurisdiction.

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

**ANSWER**:   Defendants do not contest venue.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

**ANSWER**:   Defendants admit this action is brought pursuant to 42 U.S.C. §1983 for alleged violations of plaintiff's constitutional rights. Defendants deny plaintiff's constitutional rights were violated and further deny the remaining averments contained within Paragraph 4.

## PARTIES

5. Plaintiff is a citizen of the United States and was a resident of Chicago, Illinois.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5.

6. Defendant Officer Kozeluh was on duty and acting under color of state law at all times relevant to this Complaint.

**ANSWER**:   Defendants admit that on May 30, 2007, Officer Kozeluh was employed as a police officer with the Village of Riverdale and acted pursuant to applicable laws, statutes,

etc. Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining averments contained in paragraph 6.

7. The Village of Riverdale is a municipality organized under the laws of the State of Illinois and the employer of Officer Kozeluh.

**ANSWER**:   Defendants admit the averments contained in Paragraph 7.

### THE FACTUAL BASIS VIOLATION

8. On May 30, 2007, Plaintiff was driving a vehicle at or near 13800 S. Halsted Street.

**ANSWER**:   Defendant admits the averments contained in Paragraph 8.

9. Defendant Kozeluh had not witnessed Plaintiff violate any city, county, state, federal, and/or any traffic law.

**ANSWER**:   Defendant denies the averments contained in Paragraph 9.

10. Defendant did not have a search warrant for the Plaintiff.

**ANSWER**:   Defendant admits the averments contained in Paragraph 10.

11. Defendant did not have an arrest warrant for the Plaintiff.

**ANSWER**:   Defendant admits the averments contained in Paragraph 11.

3

12. Defendant did not have consent to search the Plaintiff's vehicle on May 30, 2007.

**ANSWER**: Defendant admits that Plaintiff did not verbally consent to search of the vehicle.

13. The vehicle Plaintiff was driving was legally registered, had valid license plates, and the Plaintiff had a valid drivers license on May 30, 2007.

**ANSWER**: Defendant denies the averments contained in Paragraph 13.

14. Defendant did not have consent to search the Plaintiff.

**ANSWER**: Defendant admits that Plaintiff did not verbally consent to search of the vehicle.

15. The Defendant searched the vehicle Plaintiff was driving on May 30, 2007.

**ANSWER**: Defendant admits the averments contained in Paragraph 15.

16. The Defendant did not have probable cause to stop the Plaintiff, search the Plaintiff, and/or search the vehicle.

**ANSWER**: Defendant denies the averments contained in Paragraph 16.

17. The Plaintiff did not resist, disobey, or obstruct the defendant during his illegal stop, search, and arrest of the Plaintiff.

**ANSWER**: Defendant denies the averments contained in Paragraph 17.

18.     The Defendant charged the Plaintiff with illegal possession of narcotics (2 counts), resisting arrest, and various traffic offenses in Case Number 07600653001.

**ANSWER**:    Defendant admits the averments contained in Paragraph 18.

19.    On July 26, 2007 the narcotics counts as well as the resisting charge were dismissed on the motion of the Cook County States Attorney.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19.

20.    On August 9, 2007, the remaining traffic offenses were disposed of in favor of the Plaintiff.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20.

21.     As a direct and proximate result of Defendant Kozeluh's unconstitutional acts Plaintiff suffered actual harm.

**ANSWER**:    Defendant denies the averments contained in Paragraph 21.

WHEREFORE, Defendant, Officer Mark Kozeluh, in his individual capacity, denies that he is liable in any sum whatsoever and moves for judgment on his behalf and for costs and fees so wrongfully sustained.

5

## **COUNT II - EXCESSIVE FORCE**

1-21.   Plaintiff re-alleges paragraphs 1-21 of Count I as paragraphs 1-21 of Count II.

**ANSWER**:   Defendant restates his answers to Paragraphs 1-21 as his answer to Paragraphs 1-21, as though fully stated herein.

22.   Defendant Kozeluh used excessive force during the arrest of Plaintiff in that he intentionally and without lawful justification tasered the Plaintiff.

**ANSWER**:   Defendant denies the averments contained in Paragraph 22.

23.   At no time relevant to this suit did the Plaintiff resist the illegal search and arrest by Defendant Kozeluh.

**ANSWER**:   Defendant denies the averments contained in Paragraph 23.  Defendant further denies any illegal search and arrest.

24.   At no time relevant to this suit did the Plaintiff attempt to strike, punch, or kick Defendant Kozeluh.

**ANSWER**:   Defendant denies the averments contained in Paragraph 24.

WHEREFORE, Defendant, Officer Mark Kozeluh, in his individual capacity, denies that he is liable in any sum whatsoever and moves for judgment on his behalf and for costs and fees so wrongfully sustained.

## COUNT III - STATE MALICIOUS PROSECUTION

1-24. Plaintiff re-alleges paragraphs 1-24 of Count I and II as paragraphs 1-24 of Count III.

**ANSWER**: Defendant restates his answers to Paragraphs 1-24 as his answer to Paragraphs 1-24, as though fully stated herein.

25. Defendant Kozeluh wrote false and misleading police reports regarding the arrest of plaintiff on May 30, 2007.

**ANSWER**: Defendant denies the averments contained in Paragraph 25.

26. Defendant knew his false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

**ANSWER**: Defendant denies the averments contained in Paragraph 26. Defendant further denies drafting false police reports.

27. Based on the defendants' false reports, plaintiff was charged under case number 07600653001.

**ANSWER**: Defendant denies the averments contained in Paragraph 27. Defendant further denies drafting false police reports.

28. Ultimately case number 07600653001 was disposed of in favor of the Plaintiff.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28.

29. The Plaintiff is innocent of all the charges of May 30, 2007.

**ANSWER**:   Defendant denies the averments contained in Paragraph 29.

WHEREFORE**,** Defendant, Officer Mark Kozeluh, in his individual capacity, denies that he is liable in any sum whatsoever and moves for judgment on his behalf and for costs and fees so wrongfully sustained.

## COUNT IV - STATUTORY INDEMNIFICATION

1-29.   Plaintiff re-alleges paragraphs 1-29 of Count III as paragraphs 1-29 of Count IV.

**ANSWER**:   Defendant restates the answers contained in Paragraphs 1-29 of Count III as his answer to Paragraphs 1-29, as though fully stated herein.

30. At all relevant times, 745 ILCS 10/9-102 was in full force and effect.

**ANSWER**:   Defendant admits the existence of 745 ILCS 10/9-102.

31. Defendant Kozeluh was acting under color of state law and as employees of the Village of Riverdale.

**ANSWER:**   Defendant admits that on May 30, 2007, Officer Kozeluh was employed as a police officer with the Village of Riverdale and acted pursuant to applicable laws, statutes, etc.  Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining averments contained in paragraph 31.

WHEREFORE, Defendant, Village of Riverdale, incorrectly sued as the City of Riverdale, denies that it is liable in any sum whatsoever and moves for judgment on its behalf and for costs and fees so wrongfully sustained.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### Qualified Immunity

Defendant, Officer Mark Kozeluh, in his individual capacity, by and through his attorneys Tribler Orpett & Meyer, P.C., pleads the following as his First Affirmative Defense:

1.	Under the totality of the circumstances, reasonably competent police officers would not have concluded that Officer Kozeluh lacked probable cause to issue the criminal charges and traffic violations against Plaintiff.  Furthermore, under the totality of the circumstances, reasonably competent police officers would not have concluded that the actions of Officer Kozeluh violated Plaintiff's constitutional rights and, therefore, this defendant is entitled to qualified immunity.

WHEREFORE, Defendant, Officer Mark Kozeluh, in his individual capacity, asserts that he is immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recovery any sum of money whatsoever.

### SECOND AFFIRMATIVE DEFENSE:
### 745 ILCS 10/2-202 AND 745 ILCS 10/2-109

Defendants, Officer Mark Kozeluh, and the Village of Riverdale, incorrectly sued as the City of Riverdale, by and through their attorneys Tribler Orpett & Meyer, P.C., plead the following as their Second Affirmative Defense:

Defendant, Officer Mark Kozeluh, was acting in the execution or enforcement of laws within the meaning of Section 2-202 of the Tort Immunity Act (745 ILCS 10/2-202), and is

9

entitled to immunity therein unless Plaintiff establishes that Defendants engaged in willful and wanton misconduct with respect to Plaintiff, and the Village of Riverdale is entitled to immunity, derivatively, under Section 2-109 of the Tort Immunity Act (745 ILCS 10/2-109).

WHEREFORE, Defendants, Officer Mark Kozeluh, and the Village of Riverdale, incorrectly sued as the City of Riverdale, assert that they are immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recovery any sum of money whatsoever.

### THIRD AFFIRMATIVE DEFENSE: 745 ILCS 10/2-201 AND 745 ILCS 10/2-109

Defendants, Officer Mark Kozeluh, and the Village of Riverdale, incorrectly sued as the City of Riverdale, by and through their attorneys, Tribler Orpett & Meyer, P.C., plead the following as their Third Affirmative Defense:

At all relevant times, Officer Kozeluh was exercising discretion in his acts and the determination of policy within the meaning of Section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201), and is entitled to absolute immunity in connection with Plaintiff's claims. The Village of Riverdale is entitled to this immunity, derivatively, under Section 2-109 of the Tort Immunity Act (745 ILCS 10/2-109).

WHEREFORE, Defendants, Officer Mark Kozeluh, and the Village of Riverdale, incorrectly sued as the City of Riverdale, assert that they are immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recovery any sum of money whatsoever.

## FOURTH AFFIRMATIVE DEFENSE:
### Comparative Negligence/Willful & Wanton Conduct

Defendants, Officer Mark Kozeluh, and the Village of Riverdale, incorrectly sued as the City of Riverdale, by and through their attorneys, Tribler Orpett & Meyer, P.C., and, pursuant to 735 ILCS 5/2-613(d) and 735 ILCS 5/2-1116, plead as an affirmative defense of contributory and comparative negligence and/or willful and wanton conduct limiting the recovery of Plaintiff, Michael Parker and state as follows:

1.  That Plaintiff, Michael Parker, pleads in his Complaint that on May 30, 2007, he was falsely arrested, maliciously prosecuted, and injured by alleged force used by Officer Kozeluh while he was acting within the scope of his employment of the Village of Riverdale.

2.  That Defendants, Officer Mark Kozeluh, in his individual capacity, and the Village of Riverdale, incorrectly sued as the City of Riverdale, have answered Plaintiff's Complaint denying that they are legally liable for alleged injuries to Plaintiff.

3.  That if Plaintiff should obtain any judgment for damages against a Defendant in this action, said judgment for damages will be barred and set aside because Plaintiff was guilty of comparative fault in excess of 50% which proximate caused her own injuries.

4.  That in the alternative, if judgment for damages is rendered in the cause herein in favor of Plaintiff and against Defendants, then these Defendants are entitled to a reduction of those damages in the amount that such damage was caused or contributed to be caused by Plaintiff's own fault or negligence.

5.  That Plaintiff was guilty of the following acts of negligence and/or willful and wanton conduct which contributed to cause his own injuries:

    (a) used excessive force and assaulted a police officer;

    (b) failed to act as a reasonably prudent person with Defendant;

11

(c) raised his voice and was otherwise uncooperative with Defendant;

(d) failed to abide by instructions and orders by police officers;

(e) resisted arrest;

(f) resisted the officer's attempts to handcuff Plaintiff;

(g) was driving while his license was expired, revoked, and/or suspended,

(h) was driving under the influence of alcohol and/or narcotics,

(i) knowingly possessed controlled substances, and

(j) was otherwise careless, negligent, and uncooperative with respect to defendant.

6. That Plaintiff's acts of negligence and/or willful and wanton conduct were fault contributed to over 50% of the proximate cause of the accident or his own injuries or, in alternatively, Defendants are entitled to reduction of any damages recovered by Plaintiff to the extent of Plaintiff's own contributory fault, negligence and/or willful and wanton conduct.

WHEREFORE, Defendants, Officer Mark Kozeluh, in his individual capacity, and the Village of Riverdale, incorrectly sued as the City of Riverdale, pray that any judgment for damages against them and in favor of Plaintiff be set aside and barred by Plaintiff's own fault, negligence and/or willful and wanton conduct which contributed to over 50% of the proximate cause of such accident or injuries, or in the alternative, pray that the amount of any judgment for damages against these Defendants and in favor of Plaintiff be reduced by that percentage to which Plaintiff's own fault, negligence and/or willful and wanton conduct contributed to such damages.

## FIFTH AFFIRMATIVE DEFENSE:
### False Arrest/Imprisonment - Damages

Defendants, Officer Mark Kozeluh, in his individual capacity, and the Village of Riverdale, incorrectly sued as the City of Riverdale, in its official capacity, by and through their attorneys, Tribler Orpett & Meyer, P.C., and, pursuant to *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003) state as follows:

1.  Plaintiff alleges that he was falsely arrested and/or imprisoned based upon Defendant's conduct.

2.  Plaintiff's Section 1983 claim for damages alleging false arrest and/or imprisonment in violation of the Fourth Amendment is limited to the alleged harm he incurred from the time of arrest until he was charged.

WHEREFORE, Defendants, Officer Mark Kozeluh, in his individual capacity, and the Village of Riverdale, incorrectly sued as the City of Riverdale, in its official capacity, deny that they are liable in any sum whatsoever and move for judgment on their behalf and for costs and fees so wrongfully sustained, alternatively, Defendants pray that the amount of any judgment for damages against these Defendants and in favor of Plaintiff for alleged Section 1983 false arrest and/or imprisonment claims be reduced to the alleged harm incurred by Plaintiff from the time of his arrest until he was charged.

## **JURY DEMAND**

Defendants demand trial by jury.

                                            Respectfully Submitted,

                                            s/ William B. Oberts_____
                                            One of the attorneys for Defendants
                                            William B. Oberts, Esq.
                                            ARDC #6244773
                                            TRIBLER ORPET & MEYER, P.C.
                                            225 W. Washington, Suite 1300
                                            Chicago, Illinois 60606
                                            (312) 201-6400
                                            wboberts@tribler.com

## CERTIFICATE OF SERVICE

The undersigned attorney deposes and states that a copy of Defendants' Answer, Affirmative Defenses and Jury Demand was served upon the following on January 30, 2008:

**Attorneys for Plaintiff**
Thomas Peters
Kevin Peters
407 S. Dearborn, Suite 1675
Chicago, IL  60605

(by electronic service via the Court's ECF System)


s/_William B. Oberts_____
One of the attorneys for Defendants
William B. Oberts, Esq.
ARDC #6244773
TRIBLER ORPET & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois  60606
(312) 201-6400
wboberts@tribler.com